**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

**ANDRES VALERIO, ET AL.**                    :

                                              :

                                              :

                    **Plaintiff(s),**         :          **Civil Action No.**

                                              :          **07-534 (JLL)**

           **v.**                             :

                                              :

**NERMIN MUSTABASIC, ET Al.**                 :

                                              :

                                              :

              **Defendant(s).**               :

_____:


## REPORT AND RECOMMENDATION


This matter is before the Court on Plaintiff's motion to remand [Docket Entry No. 2] this matter to the Superior Court of New Jersey. Defendant opposed the motion. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons expressed below, I respectfully recommend that the Court enter an Order granting Plaintiff's motion to remand.

## BACKGROUND

On or about July 31, 2006, Plaintiffs Andres and Mercadies Valerio (the "Plaintiffs") filed a Complaint in the Superior Court of New Jersey against Defendants Nermin Mustabasic ("Mustabasic")

and MG Express Transport, Inc. ("MG Express," collectively with Mustabasic the "Defendants") alleging various claims sounding in negligence.[1] The events giving rise to the Complaint took place on or around November 3, 2004, when the Plaintiffs allegedly sustained injuries in an automobile accident involving a tractor trailer owned by Defendant MG Express Transport, Inc. and operated by Nermin Mustabasic.  Plaintiffs assert that they are owed damages in compensation for: (1) severe permanent injuries; (2) pain and suffering; (3)  present and future medical expenses; and (4) lost wages. Plaintiffs also assert a loss of consortium claim.   The amount of damages Plaintiffs seek is not specified in their Complaint.[2]

On or about January 31, 2007, Defendants removed the action to this Court pursuant to 29 U.S.C. 1441(a), asserting that the Court has original subject matter jurisdiction over this matter under 28 U.S.C. § 1332.  Plaintiffs now move to remand the action to the Superior Court of New Jersey, claiming that removal is improper because this Court lacks jurisdiction.  In support of their argument, Plaintiffs assert that Defendants have failed to demonstrate that jurisdiction under Section 1332 is appropriate

---

[1]Plaintiffs also asserted claims against numerous John Does and ABC Corporations.

[2]Pursuant to New Jersey Court Rule 4:5-2, "[i]f unliquidated money damages are claimed in any court, other than the Special Civil Part, the pleading shall demand damages generally without specifying the amount."

because they have not identified evidence demonstrating that the damages in controversy exceed $75,000.  Plaintiffs state that their Complaint does not quantify the damages sought and instruct the Court that Defendants have not sought a statement of their damages. Plaintiffs contend that Defendants have presented the Court with no evidence showing that the jurisdictional threshold has been satisfied and that, accordingly, Defendants have failed to show that removal is proper.[3]

In response, Defendants assert that the amount in controversy threshold has been satisfied and that the Court is vested with proper subject matter jurisdiction over the action under Section 1332.   Defendants claim that, although Plaintiffs have not estimated their damages in the Complaint or otherwise, the "serious and permanent nature of the injuries alleged by [P]laintiffs in their Complaint," are sufficient for the Court to conclude that the amount in controversy requirement has been satisfied.  Defendants submitted no further evidence regarding valuation of Plaintiffs' claims.

For the reasons expressed below, the Court recommends that the Plaintiffs' motion to remand this matter to New Jersey Superior Court be granted.

---

[3]Plaintiffs do not dispute that diversity of citizenship exists in this matter. Plaintiffs are individuals domiciled in New Jersey.  Defendant Mustabasic is an individual domiciled in Georgia.  Defendant MG Express is a Texas corporation with its principal place of business in Bedford, Texas.

## DISCUSSION

### 1. Federal Removal Statutes

Cases originally brought in state court over which a federal court may also have jurisdiction can be removed pursuant to 28 U.S.C. § 1441.  According to Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Id.  Thus, "[t]o qualify for removal, the cause of action must be a claim 'of which the district courts of the United States have original jurisdiction.'"  Penn v. Wal-Mart Stores, 116 F.Supp.2d 557, 561 (D.N.J. 2000).

28 U.S.C. § 1446 sets forth the procedure for the removal of a civil action.  Section 1446(a) states in relevant part that "a defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal."  Moreover, Section 1446(b) provides that "the notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

4

The removal statutes are to be "strictly construed against removal and all doubts should be resolved in favor of remand." Orlick v. J.D. Carton & Son, Inc., 144 F. Supp. 2d 337, 341 (D.N.J. 2001); see also Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2003).   This policy "has always been rigorously enforced" and the Third Circuit has admonished courts to strictly adhere to the practice of resolving doubts in favor of remand.   Samuel-Bassett, 357 F.3d at 396, 403. Pursuant to 28 U.S.C. § 1447©, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

**2. Defendants' Burden of Proof**

As discussed, Defendants assert that the Court has subject matter jurisdiction over this action pursuant to Section 1332. Section 1332 vests district courts with original jurisdiction over 'diversity actions,' "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs" and the parties are diverse in citizenship. Id.  For removal to be proper, both jurisdictional requirements set forth in Section 1332 must be satisfied or the Court must order remand pursuant to Section 1447©.

The removing party bears the burden of demonstrating the appropriateness of removal.  Penn, 116 F.Supp.2d at 561; see also

Samuel-Bassett, 357 F.3d at 396 (finding that "[t]he party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court.").  To assess whether the jurisdictional threshold has ben satisfied, a Court must first look to the Complaint.  Samuel-Bassett, 357 F.3d at 398. If a plaintiff's complaint specifies the amount of damages sought, a court may rely on the estimation provided therein to determine the amount in controversy. Buchanan v. Lott, 255 F.Supp.2d 326, 331 (D.N.J. 2003). If, however, the specific damages sought are not delineated, and the amount in controversy cannot be clearly assessed from the complaint, a court must make an independent appraisal of the claims being litigated. Id.  In so doing, a court must "look to the facts alleged in the defendant's notice of removal or to proofs offered in support of jurisdiction once it has been called into question."  Bailey, 2007 WL 764286 at *3.  Despite a court's independent appraisal, "the party asserting jurisdiction bears the heavy burden of showing that the case is properly before the federal court."  Ellis v. Bradbeck, 2006 WL 3518590, *1 (D.N.J. Dec. 4, 2006).

In the instant matter, Plaintiffs' Complaint is silent as to the amount of damages sought.  Accordingly, the Court must independently appraise the evidence offered by Defendants in support of removal to determine whether Defendants have shown that the amount in controversy requirement has been satisfied in this matter.

## 3.  Jurisdiction in this Matter

Defendants have proffered no evidence from which the Court may find that the jurisdictional threshold has been satisfied in this action.   As an initial matter, the Court notes that Defendants failed to discover the amount of damages sought by Plaintiffs.   As observed, Plaintiffs' Complaint does not plead a specific amount of monetary damages, as is proper under the New Jersey Court Rules. Defendants, however, failed to discover this information despite having a clear procedural mechanism available to them by which they may have done so. New Jersey Court Rule 4:5-2 provides that:

> [u]pon service of a written request by another party, the party filing the pleading shall within 5 days after service thereof furnish the requesting party with a written statement of the amount of damages claimed.

Defendants propounded no such request upon Plaintiffs.[4] As a result, Defendants did not receive a statement of the damages sought by Plaintiffs.   "[A] defendant who wises to preserve his right to removal could file a demand for a statement of damages immediately upon receiving the complaint.   Because the plaintiff must respond

---

[4]Defendants seem to assert that their letter of December 19, 2006 to Plaintiffs' counsel requesting that they provide medical records relevant to the litigation and a settlement demand satisfies Defendants' burden to discover the nature of Plaintiffs' damages.  Defendants, however, did not utilize the procedure set forth in New Jersey Court Rule 4:5-2 and their letter failed to articulate a request for Plaintiffs' statement of damages.

within five days, the defendant would then have 25 days in which to decide whether removal was appropriate." Buchanan, 255 F.Supp.2d at 330.

Moreover, Defendants have presented the Court with no additional evidence from which the Court may conclude that Plaintiffs' damages exceed the jurisdictional threshold. Defendants make a general assertion as to the "serious and permanent nature" of the Plaintiff's injuries, but "[i]n neither its notice of removal nor its opposition letter [do Defendants] assert any facts that suggest the claims asserted would satisfy the statutory requirement." Imperial Spirits, U.S.A., Inc. v. Trans Marine Int'l Corp., et al., 1999 WL 172292, *1 (D.N.J. Feb. 17, 1999). Moreover, "[a]lthough [they] could have done so easily, defendant[s] did not even proffer any case law illustrating the recoveries of similarly situated plaintiffs." Id.

General contentions of the kind asserted by Defendants are insufficient to satisfy Defendants' burden. Samuel-Bassett, 116 F.Supp.2d at 567 (finding that allegations of severe injury and future medical bills insufficient to demonstrate that the jurisdictional threshold was satisfied). Likewise, allegations of "great pain and suffering [are] insufficient to transform an otherwise non-removable claim into one which would meet the amount-

8

in-controversy requirement."[5]   <u>Buchanan</u>, 255 F.Supp.2d at 333;
<u>Fosbrenner v. Wal-Mart Stores</u>, 2001 WL 1231761, *2 (E.D.Pa. October
12, 2001).  The mere "possibility that damages may aggregate to more
than the jurisdictional amount does not, in itself, show that the
amount in controversy exceeds the jurisdictional amount." <u>Imperial</u>
<u>Spirits</u>, 1999 WL 172292 at *2 (citing <u>Gary Mercante v. Preston</u>
<u>Trucking Co., Inc.</u>, 1997 WL 230826, *1 (E.D.Pa. May 1, 1997)).

Indeed, a removing party must provide more than tenuous
inferences and assumptions about the amount in controversy to
satisfy its burden.  <u>Fosbrenner</u>, 2001 WL 1231761 at *3. "Considering
that estimations of the amounts recoverable must be realistic, and
'not based in fanciful, 'pie-in-the-sky,' or simply wishful
amounts," unsubstantiated claims that damages will exceed the
jurisdictional amount are too theoretical to satisfy Defendants'
burden to demonstrate that removal is proper.  <u>Ellis</u>, 2006 WL
3518590 at *2 (citing <u>Samuel-Bassett</u>, 357 F.3d at 403).  When
determining if the jurisdictional threshold has been met, "[i]f this
Court has to guess, defendant has not proved its point." <u>Kleiss v.</u>
<u>Granite Run Mall</u>, 2006 WL 562203, *3 (E.D.Pa. March 6, 2006).

---

[5]Courts have recognized that some allegations of severe
injury, such as the permanent loss of the use of a plaintiff's
heart, are "different in kind and degree" from more routine
injuries and are adequate to demonstrate that the amount in
controversy requirement has been satisfied.  <u>Buchanan</u>, 255
F.Supp.2d at 333.  Nothing on the face of Plaintiffs Complaint
suggests that this type of injury is alleged here and Defendants
have failed to present the Court with any evidence suggesting
otherwise.

In light of the Third Circuit's instruction that doubts must be resolved in favor of remand, and because Defendants have proffered no evidence to demonstrate that the amount in controversy will exceed $75,000, the Court concludes that Defendants have failed to show that Plaintiffs' claims satisfy the jurisdictional threshold. Accordingly, Defendant improperly

removed this case without jurisdiction. This matter, therefore, should be remanded to the Superior Court of New Jersey, as required by 28 U.S.C. § 1447©.

## CONCLUSION

In light of the foregoing, it is respectfully recommended that Plaintiffs' motion to remand this matter to the Superior Court of New Jersey [Docket Entry No. 2] be granted.

Respectfully submitted,


        *s/ Claire C. Cecchi*
        **HON. CLAIRE C. CECCHI**
        **United States Magistrate Judge**
        **Dated: September 6, 2007**